[Civ. No. 7596. First Appellate District, Division One.—November 12, 1931.]

W. E. HELM, Appellant, v. THOMAS WASHINGTON, Respondent.

KENNETH SHEPHERD, Appellant, v. THOMAS WASHINGTON, Respondent.

John L. McVey for Appellants.

Ford & Johnson and Fletcher A. Cutler for Respondent.

TYLER, P. J.—These actions were brought to recover damages against the same defendants as the result of an automobile accident. The two actions were consolidated and tried together and are before this court upon a joint transcript. The facts are undisputed and the question of negligence is not an issue.

Briefly stated, defendant Washington was, at the times mentioned in the complaint, an admiral in the United States Navy assigned as commandant of the Twelfth Naval District wherein the accident occurred. Defendant Brown was an enlisted man in the United States Navy and was acting as chauffeur for the admiral. Brown was directed to drive to Bohemian Grove where the admiral frequently went for recreation and exercise. Having transported him to the place mentioned, defendant Brown proceeded to return to navy headquarters as originally directed and ordered by his superiors. It was on his return, and while the admiral

was not with him, that the car he was driving and which was owned by the government collided with the car of plaintiff, as a result of which collision this action was brought.

The case was tried before the court sitting without a jury. Damages were assessed in the sum of $3,500 in both cases. The trial court, however, held the driver of the navy automobile, Brown, solely responsible and found that at none of the times mentioned in the complaint was defendant Brown the servant or agent of defendant Washington. Plaintiffs have appealed from that portion of the judgment denying them relief against defendant Washington. Defendant Brown has not appealed.

Appellants claim that the relation of master and servant existed between defendants Brown and Washington at the time of the accident, for which reason Washington was liable with Brown. Respondents insist, in support of the judgment, that the doctrine of *respondeat superior* cannot be invoked for various reasons. It is argued that respondent Washington had no voice in the selection or retention of Brown, who was an employee of the government and controlled by the bureau of navigation of the United States government. ■ The point here involved has been passed upon by this court in a recent case growing out of the same accident. (*Guild* v. *Brown*, 115 Cal. App. 374 [1 Pac. (2d) 528].) There it was held that the evidence was sufficient to support a judgment against defendant Washington upon the theory of *respondeat superior*. The facts and the law in relation thereto are extensively discussed. A further discussion would be an idle act. Upon the authority of the case cited, the judgment is affirmed.

Knight, J., and Cashin, J., concurred.